FRED L. COLE, Appellant, v. MANUFACTURERS TRUST COMPANY; EUGENE H. RECHEL and Others, Individually and as Copartners Doing Business under the Firm Name and Style of RECHEL & Co., CHARLES K. BEEKMAN and Others, Respondents, and Others, Defendants. (Appeal No. 2.) — Action to recover damages for the alleged conversion of securities pledged with the defendant bank as security for loans made by the latter to the plaintiff's assignor. Plaintiff moved for a bill of particulars of defendants' affirmative defenses making nine separate demands for particulars. An order was entered granting that motion in part, but otherwise denying it. From so much of the order as denies the motion for a bill of particulars, plaintiff appeals. Order modified as follows: As to demand No. 2, so as to direct the specification of what securities were sold September 10, 1935, and September 19, 1935, giving the hour and place of the sale and the name or names of the purchaser or purchasers; as to demand No. 3, so as to specify who on behalf of the defendant bank, it is claimed, made the demand or gave the notice to Thomas F. Cole, and also upon whom, on behalf of Cole, demand was made, or to whom, on his behalf, notice was given of intention to sell the securities, and the time and place of the demand or notice or both; as to demands 4-A and B, so as to require the specification also of the items composing the amount, $870,569.37, the proceeds of the sale, and the source of each of said items, and so as to require the specification also of the amount of principal on which it is claimed the interest aggregating $166,206.92 was credited, the method of computing that aggregate amount of interest, and the items composing such amounts, with the dates and periods involved in that computation; as to demand 8, so as to direct specification also of the hour and place of sale and the name or names of the purchaser or purchasers; as to demand 9, so as to direct the defendants to specify (a) whether the alleged ratification is claimed to have consisted of a course of conduct on the part of Thomas F. Cole or (b) whether it is evidenced by an express writing executed by him and in the latter case (c) directing that the respondents furnish a copy of that writing to the plaintiff; and (d) if oral statements of ratification are claimed to have been made, specifying the substance thereof. As so modified, the order, in so far as an appeal is taken therefrom, is affirmed, with ten dollars costs and disbursements to appellant; the bill of particulars to be served within ten days from the entry of the order hereon. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur. [See ante, p. 676.]

L. DAVIDSON, INC., Appellant, v. CLARK BELLOWS, Defendant; MOLLIE PERLSTEIN, Respondent.— In an action to foreclose a mechanic's lien for improvements on real property owned by defendant Perlstein, which improvements were contracted for by defendant Bellows, her tenant, the lien was filed on November 4, 1936; and the notice of pendency was filed, apparently with the summons and complaint, on July 13, 1937. Service of the summons was made on defendant Bellows on September 20, but no service was made on defendant Perlstein until November 30, 1937. On a motion to dismiss the complaint as to the owner, Perlstein, on the ground that the action was not brought within one year from the time of filing the lien, the motion was granted. Order affirmed, without costs. No opinion. Hagarty, Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., dissents. Bellows and Perlstein were united in interest. Service on one was service on the other. (Civ. Prac. Act, § 16.)